## MISSOURI, K. & T. RY. CO. OF TEXAS v. FREEMAN. (No. 7169.)

(Court of Civil Appeals of Texas. Dallas. June 6, 1914. Rehearing Denied June 27, 1914.)

MASTER AND SERVANT (§ 204*) — INJURY TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK.

Where a section hand, ordered by the foreman to assist another employé in removing from the track a motor car to prevent a collision with an approaching passenger train, immediately responded and had no time to deliberate and determine whether two men could do the work safely, he did not assume the risk, under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), of injury because of an insufficient number of men to do the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*]

Appeal from District Court, Grayson County; W. J. Mathis, Judge.

Action by James H. Freeman against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Huff, of Dallas, and Head, Smith, Maxey & Head, of Sherman, for appellant. Randell & Randell, of Sherman, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries and alleged: That appellee was employed as one of a section crew. That while so employed he was ordered by the foreman to remove from the track, with the assistance of another employé, a certain motor car that a passenger train might pass. It was necessary that the work be hastily performed to avoid a collision with the passenger train in order to prevent danger to life and property, and, while plaintiff and the other employé were, in obedience to the foreman's orders, hurriedly engaged in removing said motor car, the said employé negligently or carelessly permitted said car to drop, throwing the weight of same upon plaintiff, and jabbing the end of the car and the handholds thereof against plaintiff's body, causing plaintiff's injuries, and in the alternative that the employé negligently and carelessly dropped and caused said car to fall and injure plaintiff. That the foreman in charge negligently left said motor car on the track or dump where it would be more difficult to move from the track in an emergency, and negligently failed to have a sufficient number of hands and sufficient force to handle said car in an emergency, and negligently ordered plaintiff to quickly remove said car without sufficient help to accomplish it, knowing the hazard and danger and without warning thereof to plaintiff. It was alleged that plaintiff was 32 years of age and earning about $100 per month.

Appellant denied the acts of negligence charged, and further: That appellee was advised of the danger on account of the car be-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ing lifted from the track. That appellant was engaged in interstate commerce, and that appellee's cause of action is controlled by a proper construction of the acts of Congress, pleas of contributory negligence, and assumed risk.

The case was submitted on special issues, and upon the answers thereto the court rendered a verdict in favor of plaintiff for $9,-000. The evidence established the allegations of plaintiff's petition, and the findings of the jury justified the judgment of the court.

Appellant presents but one assignment of error, under which there is submitted two propositions. The assignment and propositions are as follows:

"The court erred in overruling defendant's motion to enter judgment in its favor on the findings of the jury, because the jury found that the plaintiff had full knowledge of those acts and things which they found constituted negligence on the part of the defendant and caused plaintiff's injuries, and under the circumstances plaintiff assumed the risk of same and was not entitled to recover."

First proposition:

"Appellee was an employé of a common carrier by railroad and was engaged in interstate commerce at the time of his accident and injury, and his cause of action is governed by the federal Employers' Liability Act."

Second proposition:

"Under a proper construction of the federal Employers' Liability Act, even if the railway was guilty of negligence in permitting the motor car to be on the track, and in failing to furnish a sufficient number of hands to safely remove it from the track in front of the approaching train, and if the section foreman was negligent in directing the removal of the car by appellee under these circumstances, still appellee, being a man of mature years, experienced in that character of work, and appreciating the danger in attempting to do the work with the help at hand, under the circumstances assumed the risk of danger in doing the work and cannot recover."

The following issue was submitted and the answer returned, to wit:

"Did plaintiff know, or by the exercise of ordinary care, in the performance of his duties, should he have known, that it was not reasonably safe for him to undertake the removal of said car with the assistance he then and there had? Answer: Yes."

Conceding that this case is controlled by the federal Employers' Liability Act, we think, under the circumstances, the appellee should not be charged with having assumed the risk of the danger of removing the car. While appellee may have known that there were not enough employés present to properly remove the car from the track, yet something had to be done; a passenger train was in sight; and, if the car was left on the track, a collision might have occurred, which would probably have resulted in loss of life or property. Under these conditions, appellee was commanded by the foreman to quickly remove the car, and, while obeying that command, appellee was hurt. When he was ordered to remove the car, appellee had no time for deliberation, but responded immediately to the foreman's orders to prevent a collision and probably the loss of life or property. He evidently did not deliberate but acted as the occasion demanded, without time to consider the danger to himself.

The jury found that a person in the exercise of ordinary care and prudence would have undertaken the removal of said car at the time and in the manner appellee undertook to remove same, and, so acting, we think the proper judgment was rendered, and it is affirmed.